## Newing v. Coury

*George L. Fenner, Sr.*, for plaintiff.

*Neville B. Shea*, for defendant.

FLANNERY, J., September 22, 1950.—On September 26, 1949, the automobiles of the respective parties collided on Route 115 in the vicinity of Effort Village, Monroe County, and on January 31, 1950, this suit was instituted for the damages arising out of that accident. By agreement it was tried before the court without a jury and following transcription of the testimony argument was heard. There remains only to decide the questions of law and the issues of fact which have been raised.

The basis of the claim is negligence. To recover plaintiff must establish that the defendant was negligent and that such negligence caused the collision. If the testimony should reveal that plaintiff's driver was guilty of any negligence that contributed to the ac-

cident this will defeat recovery. Such is the general law and we proceed thence to the specific elements in the claim before us.

Under the evidence it appears that plaintiff, together with her husband, Ralph L. Newing, was, at 11:15 a. m., on the day in question, traveling in an easterly direction from Wilkes-Barre toward Stroudsburg. The collision occurred when defendant, proceeding in the same direction, attempted to pass and the right side of defendant's car and the left side of plaintiff's car came into contact. Ralph L. Newing, who was driving at the time, testified that he had just emerged from a curve and the accident happened on a straight stretch of the highway with both cars traveling in the neighborhood of 50 miles per hour.

It was shown that along the berm to the right there was a State highway truck and several employes who were engaged in clearing the ditch. In order to afford themselves the customary protection these employes had placed warning signs at intervals along the way. As the plaintiff approached a workman passed around the truck and plaintiff's driver in a gesture of caution drove slightly to his left. It was at this point, between the warning signs, that the cars came together.

Clearly defendant was negligent in attempting to pass under the circumstances.

"The driver of a vehicle shall not overtake or pass, or attempt to pass, any other vehicle, proceeding in the same direction, between any points indicated by the placing of official temporary warning or caution signs indicating that men are working on the highway"; The Vehicle Code, sec. 1008(d), 75 PS §543.

Defendant testified that, when he was about to pass plaintiff the latter, without warning, veered sharply to the left and so ran into him, defendant. This fact is disputed by plaintiff's driver who insists that he

was continuing in a direct line. He admits he gave no warning because, as he contends, he made no change in direction. He also admits he was traveling a little to the left of the white traffic line in order, as he says, to clear the workmen with a margin for safety. Neither fact is decisive, as we shall demonstrate.

It must be remembered that there was no traffic coming against these parties from the opposite direction, so that before him the plaintiff's driver had the entire highway. It must be remembered likewise that he was between highway warning signs and in such a situation had the right to assume that other motorists would respect the law which prohibited passing. And finally, it must be remembered that there was a workman on the right-hand side of the road to protect whom the signs were placed. Under such circumstances, plaintiff not only had a right to veer left, if he did, but in the exercise of caution he had a duty to veer left in order to protect the workmen and obey the warning sign. And if he did veer to the left but gave no sign of his intention so to do it was immaterial for a signal was unnecessary. In such a case he has the absolute right of way which needs no signal to implement it. Likewise, whether or not defendant gave a signal of his intention to come around from the rear—which is disputed—is immaterial. He had no right to pass and sounding his horn could confer none.

There was considerable testimony about defendant's failure to stop immediately; about plaintiff's talk with defendant's brother; and about other extraneous details. These, as we view the law, could not affect liability and will, therefore, be disregarded.

Accordingly, under all the evidence we find defendant guilty of negligence, plaintiff free of contributory negligence and verdict is entered for plaintiff and against defendant.